UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID K. SMITH,**

  **Plaintiff,**

  v.

            Civil Action 2:16-cv-154
            Judge Gregory L. Frost
            Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO,**

  **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

  Plaintiff, David K. Smith, an Ohio inmate who is proceeding without the assistance of counsel, brings this action naming the State of Ohio as the sole defendant.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  (ECF No. 1.)  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

**I.**

  Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint is styled as correspondence addressed to the Clerk of Court. He identifies the subject matter of his Complaint as follows: "RE: Case # 15CA002 / Appeal # 15CA2." (Compl. 1, ECF No. 1-1.) According to the Complaint, Plaintiff was arrested in May 2014 for "physical control." (*Id.*) He alleges that he sustained injuries during this arrest. Plaintiff was subsequently convicted, and his state-court conviction is currently on appeal. Plaintiff alleges that his attorney failed to call an exculpatory eyewitness. He also alleges that the state court disregarded his injuries. He therefore concludes that "[j]ustice was not served . . . ." (*Id.* at 2.) In terms of relief, as best the Undersigned can discern, Plaintiff appears to seek unspecified Court assistance or intervention with his ongoing state-court appeal of his criminal conviction. It is **RECOMMENDED** that this action be dismissed because the Court lacks jurisdiction over the Complaint and because Plaintiff has failed to state a claim against the State of Ohio.

Because there is an ongoing state-court criminal proceeding, state court is where Plaintiff must seek his remedy. This Court has no jurisdiction to intervene in the state-court appellate process and must abstain from involvement regarding the issues until all appeals have been exhausted. *See Younger v. Harris*, 401 U.S. 37 (1971).

If Plaintiff instead intends to assert a civil action for money damages premised upon an alleged unconstitutional criminal conviction, it is **RECOMMENDED** that the Court dismiss his claims as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence

4

invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Thus, under *Heck*, Plaintiff cannot proceed with a § 1983 claim because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87.

Moreover, the Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Finally, the allegations set forth in Plaintiff's Complaint fail to survive the *Twombly* and *Iqbal* pleading standards. More specifically, the Undersigned is unable to discern what specific actions a state actor took that could plausibly form the basis of a claim entitling Plaintiff to relief. As set forth above, this Court "should not have to guess at the nature of the claim asserted." *Frengler*, 482 F. App'x at 976–77. Because Plaintiff has failed to state any claim against the State of Ohio, even when held to the less stringent standards applied to *pro se* complaints, dismissal under § 1915(e) is required.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: February 25, 2016        /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                UNITED STATES MAGISTRATE JUDGE